IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZUMAR DUBOSE, | : | |
| ABDUSH DUBOSE, | : | |
|    Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-0032 |
| | : | |
| UNITED STATES ATTORNEY GENERAL, | : | |
|    Defendant. | : | |

### MEMORANDUM

**KENNEY, J.**                                                                                                                                                                             **MARCH  22, 2024**

      Plaintiffs Zumar DuBose and Abdush DuBose, both convicted federal prisoners in custody in FDC Philadelphia, filed this *pro se* civil action against the United States Attorney General on January 2, 2024, without the payment of the filing fee or submitting applications for leave to proceed *in forma pauperis*.  In an Order filed on January 12, 2024, they were directed to pay the fee or file applications to be excused from paying the fee up front.  On January 26, 2024, Zumar DuBose filed a motion to proceed *in forma pauperis* along with a copy of his prison account statement.  Because Abdush DuBose failed to comply with the Court's prior Order, he will be dismissed as a plaintiff in this case for failure to prosecute.  Zumar DuBose will be granted leave to proceed *in forma pauperis* and the Complaint will be dismissed.

**I.**       **FACTUAL ALLEGATIONS**

      The Complaint is brief, citing the statute providing for this Court's exercise of federal question jurisdiction, and seeking declaratory and injunctive relief "from the custody of the U.S. Marshal," (ECF No. 1 at 1 (citing 28 U.S.C. § 1331).)  The Complaint poses three questions about the meaning of being "released to the custody of the U.S. Marshal."  (*Id*. at 2.)  He asks, what does this mean, it is a policy of the Federal Bureau of Prisons to confine an accused person who has

been ordered "released to the custody of the U.S. Marshal," and were DuBose's constitutional rights violated when FDC Philadelphia and the Bureau of Prisons confined him "without any detention order or commitment order."[1]  (*Id*.)  The Court understands DuBose to be asserting a claim that he is being held in custody in violation of his constitutional rights despite his claim that he has been "released" to the custody of the U.S. Marshal.

A review of this Court's publicly available records[2] indicates that Zumar Dubose, along with his brothers Abdush and Kariem DuBose, was indicted on December 3, 2020, on numerous counts of mail fraud, wire fraud, and bank fraud.[3]  *See United States v. DuBose*, 20-CR-453 (E.D. Pa.).  A bench warrant was issued and Zumar DuBose was transferred to this District from the Essex County Jail in New Jersey for his initial appearance.  (*Id*., ECF No. 5.)  At a preliminary hearing held the next day, he was ordered temporarily detained pending a detention hearing.  (*Id*.,

---

[1]     On March 21, 2024, DuBose file two motions in this case.  One is labeled a "Motion for Constitutional Challenge to a Federal Statute (ECF No. 6).  In that motion he poses several additional questions about whether the government's reliance on certain acts underlying his conviction under the federal mail fraud and bank fraud statutes violate his constitutional rights, and whether his being indicted by a grand jury without first receiving notice of the time and place the grand jury would meet violated his rights.  The second motion is labeled a "Rule 5.1 Constitutional Challenge to a Statute."  (ECF No. 7.)  In that motion he asks whether certain other statutes "reach" the mail fraud statute.  Because the Court will dismiss this case as frivolous, the accompanying Order will deny the motions as moot.

[2]     On statutory screening of a *pro se* Complaint, the Court may take judicial notice of prior court proceedings.  *See In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (*per curiam*) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings)).

[3]     This is at least the tenth civil case Zumar DuBose has filed in this Court alleging constitutional or statutory irregularities in his criminal case.  *See DuBose v. United States*, No. 22-2107; *DuBose v. United States*, 23-2155; *DuBose v. United States*, No. 23-2427; *DuBose v. Deputy USA Louis Lappens*, No. 22-2835; *DuBose v. FDC Warden*, No. 23-3098; *DuBose v. United States*, No. 23-4374; *DuBose v. United States*, 23-4895; *DuBose v. United States*, No. 24-362; *DuBose v. United States*, No. 24-958.

ECF No. 6.)  At a hearing on December 8, 2020, Zumar DuBose entered a plea of not guilty and was ordered detained pending further proceedings.  (*Id.*, ECF No. 9.)  The detention Order provided that he "be committed to the custody of the Attorney General for confinement," and that the "person in charge of the corrections facility in which [he] is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding."  (*Id.*, ECF No. 10.)  After prolonged pretrial proceedings, on May 8, 2023, a jury returned a verdict of guilty on all counts lodged against Zumar DuBose.  (*Id.*, ECF Nos. 254, 257.)  He has remained in the custody of the Attorney General since his initial appearance and is currently awaiting sentencing.

## II.     STANDARD OF REVIEW

The Court grants Zumar DuBose leave to proceed *in forma pauperis*.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.*  Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]"  *Id.* at 327.  A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  As DuBose is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.

---

[4]     Because he is a prisoner, DuBose must still pay the filing fee for this case in installments as required by the Prison Litigation Reform Act. 28 U.S.C. § 1915.

4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.    DISCUSSION

DuBose's request for injunctive and declaratory relief, apparently based on his contention that he is being held in custody notwithstanding his contention that he has been "released" to the custody of the U.S. Marshal is frivolous. The records of this Court establish that he has not been "released," but remains in the custody of the Attorney General pursuant to the process of this Court. Any contention that the word "released," the source of which is not established, or that the detention Order providing that he be delivered to the U.S. Marshal for court proceedings, somehow impacts the validity of his continued custody is an indisputably meritless legal theory. Accordingly, an appropriate Order will be entered dismissing this case as frivolous.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, J.**
